## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals  
Fifth Circuit

**F I L E D**  
June 23, 2011

Lyle W. Cayce  
Clerk

No. 10-50956  
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ELEAZAR HERRERA,

Defendant–Appellant.

Appeal from the United States District Court  
for the Western District of Texas  
USDC No. 3:09-CR-1565-18

Before WIENER, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eleazar Herrera appeals the sentence imposed following his guilty plea conviction for conspiracy to transport unlawful aliens. Herrera argues that the district court erred by imposing a two-level enhancement under U.S.S.G. § 3B1.1 based on the finding that he was an organizer or leader of the offense and by denying him a two-level "minor role" decrease under U.S.S.G. § 3B1.2. He contends that he himself received orders from another of his co-conspirators, Guillermo Lopez-Nunez.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50956

Section 3B1.1(c) authorizes a two-level increase in a defendant's offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." We review the district court's determination that Herrera was an organizer or leader of the offense for clear error. *See United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002) (per curiam). There may be more than one leader or organizer in a criminal organization or conspiracy. *United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001). Thus, even if Lopez-Nunez was a leader, this does not preclude a finding that Herrera also was a leader or organizer of the criminal activity.

The facts contained in the presentence investigation report (PSR), which are uncontested by Herrera, reflect that Herrera was involved in deciding how and by whom undocumented aliens would be transported, he was involved in obtaining the payments for the alien smuggling, and he recruited others to help him do so. The PSR also reflects that Herrera directed others to transport, harbor, and feed undocumented aliens. The PSR supports a finding that Herrera directed at least one other person in the conspiracy. Such a finding is sufficient to support the enhancement. *United States v. Curtis*, 635 F.3d 704, 720 (5th Cir. 2011). Accordingly, the district court did not clearly err in applying the organizer or leader enhancement. *See Cabrera*, 288 F.3d at 174-75. Nor did the district court clearly err in finding that Herrera did not play a minor role in the offenses for purposes of a downward adjustment under § 3B1.2. *See United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005).

AFFIRMED.